UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GARY HAUGEN, ) | |
| ) | 3: 16-cv-00727-MC |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER TO DISMISS |
| STATE OF OREGON, Walter M. ) | |
| Beglau, MARION CO. ) | |
| PROSECUTOR, The Hon. Thomas ) | |
| Hart, MARION CO. CIRCUIT ) | |
| COURT, ) | |
| ) | |
| Respondents. ) | |

McSHANE, District Judge.

Petitioner, an inmate on death row, filed a writ of prohibition pursuant to 28 U.S.C. § 1651(a) seeking an order from this Court precluding the Marion County District Attorney's office from ever seeking an execution warrant in petitioner's case and the Marion County Circuit Court from issuing such a warrant. Respondents move the Court to dismiss this action on the basis: (1) that federal district courts cannot use a writ of prohibition

1 - ORDER TO DISMISS

to compel action by a state court or state officials; (2) that issue and claim preclusion bar this action; and (3) that the petition fails to state a claim for relief. For the reasons set forth below, the Court grants respondents' motion and dismisses this action with prejudice.

## I. Background

Briefly, petitioner was sentenced to death in 2007 and the Oregon Supreme Court affirmed his conviction and sentence in 2010. *See State v. Haugen*, 349 Or. 174, 243 P.3d 31 (2010). Petitioner did not initially seek post-conviction ("PCR") relief[1] and following two death warrant hearings, his execution was set for December 6, 2011. However, on November 23, 2011, then-Governor Kitzhaber granted petitioner a temporary reprieve of his death sentence for as long as Kitzhaber was governor. Petitioner attempted to reject the reprieve, but the Oregon Supreme Court ultimately determined petitioner did not need to accept the reprieve for it to be effective.

Governor Kitzhaber resigned from office on February 18, 2015. According to petitioner, two days later, Governor Brown indicated

---

[1] Petitioner did file a PCR petition in Marion County Circuit Court on May 7, 2015. That court dismissed the petition, presumably as untimely, on September 2, 2015. Petitioner's PCR case is currently under review by the Oregon Court of Appeals.

2 - ORDER TO DISMISS

that she would extend the moratorium on executions in Oregon.[2] Petitioner also maintains that she did not issue a new reprieve or extend Governor Kitzhaber's reprieve in his case.  Thereafter, in July 2015, petitioner filed a motion in Marion County Circuit Court asking that court to strike his death sentence on the basis that the State forfeited its right to execute him when it failed to seek a new death warrant after petitioner's initial execution date passed.[3]  Circuit Court Judge Vance Day held a hearing on that motion and denied it in a brief order.  The Oregon Supreme Court denied petitioner's request for mandamus relief.  Also, although not included in Judge Day's written order, petitioner states that he orally set a new execution date for January 23, 2017.[4]  This, notwithstanding the fact that at no time since Governor Kitzhaber issued the initial reprieve on November 23, 2011 has the State of Oregon moved for a stay or for a new execution date for petitioner.

---

[2] The Court notes that Governor Brown's spokesman issued a statement on October 17, 2016 indicating that if elected in November, Governor Brown will continue the current moratorium on executions in Oregon effective throughout her next term.

[3] The Court grants respondents' unopposed Motion for Judicial Notice [21] which includes as an exhibit petitioner's above referenced motion to strike death sentence.

[4] While not included in his written order denying the motion, in Judge Day's notes of the hearing there is an entry that reads, "COURT:  DEF's motion DENIED; DEATH WARRANT JAN. 23 '17, REISSUE."  Motion [21], Exhibit C.  The Court also notes that petitioner indicates that Circuit Court Judge Thomas Hart is now assigned to his case.

3 - ORDER TO DISMISS

**II.   Discussion**

   **A.   Jurisdiction Under 28 U.S.C. § 1651(a)**

"[A writ] of prohibition traditionally ha[s] been used by appellate courts to exert their revisory powers over inferior courts," but is not an appropriate remedy to control jurisdiction of other, nonsubordinate courts. *See Swift Transportation, Inc. v. John*, 546 F.Supp. 1185, 1194 (D.Ariz. 1982). Here, neither the Marion County Attorneys Office nor the Marion County Circuit Court qualify as courts "inferior" to this federal district court. As a result, petitioner is not entitled to relief by way of prohibition.[5]

Even under the standard proposed by petitioner, the Court would decline to intervene in this case. Petitioner argues that under the All Writs Act as constrained by the Anti-Injunction Act, a federal court may issue orders necessary to enjoin state actors from taking action which, if left unchecked, would as a practical matter diminish the federal court's power to bring the federal litigation to its natural conclusion. Response [24], pp. 7-8 (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102 (11th

---

   [5] Nor can the Court construe petitioner's application as one for mandamus. A federal court cannot direct a state court or judicial officer to perform an official act where mandamus is the only relief sought. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir.), *cert. denied*, 111 S.Ct. 1082 (1991)(federal court lacks jurisdiction to compel state courts to act).

4 - ORDER TO DISMISS

Cir. 2004)). Petitioner suggests that this Court has the authority to issue a writ prohibiting respondents from acting in order to prevent "irreparable injury" stemming from: (1) the violation of a liberty interest created by ORS 137.463; (2) potential action on Judge Day's "blatantly illegal order" setting a January 2017 execution date; and (3) the constant threat of execution created by the moratorium on executions in Oregon which is "subject only to the whim of the Governor or possibly the electorate." *Id*. at 10. Petitioner further suggests a writ of prohibition is necessary to preserve this Court's jurisdiction over a federal habeas petition he may file in this Court upon completion of his state court PCR proceedings.

The Court is not persuaded by the argument that petitioner faces irreparable injury warranting intervention by the federal court based on the State's failure to move for a new death warrant within a certain time period, Judge Day's oral order setting a new date for execution, or a looming threat of execution. Nor is the Court persuaded that its jurisdiction over a future 28 U.S.C. § 2254 petition will be compromised if it does not intervene at this juncture.

**B.    Issue and Claim Preclusion**

Furthermore, and as mentioned above, respondents, relying on the federal Full Faith and Credit Statute, 28 U.S.C. § 1738, insist that petitioner's claims are barred by issue and claim preclusion.

5 - ORDER TO DISMISS

Petitioner does not address this assertion in his response nor does he contend that the arguments presented in this case, *i.e.*, that the State of Oregon forfeited its right to seek a new execution warrant when it failed to comply with the mandatory directive of ORS 137.463 to issue or seek a new death warrant after petitioner was not executed on December 6, 2011, are different from those raised and resolved in his state court motion.

Under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken." 28 U.S.C. § 1738. A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).

Claim preclusion prohibits a party from relitigating a cause of action against the same defendant involving the same factual transaction as was litigated in the previous adjudication. *Shuler v. Distribution Trucking Co.*, 164 Or.App. 615, 621 (1999), *rev. denied*, 330 Or. 375 (2000). Claim preclusion arises when the parties have had the opportunity to litigate the issues. *Drews v. EBI Cos.*, 310 Or. 134, 140 (1990).

Issue preclusion, on the other hand, prevents relitigation of a legal or factual issue if the issues was "actually litigated and

6 - ORDER TO DISMISS

determined" in a setting where "its determination was essential to" the final decision reached.  *Id*. at 139 (internal quotations omitted).

The record in this case establishes that petitioner had the opportunity to litigate and in fact did litigate in his state court action the same claims and issues raised here against essentially the same party.[6]  The state court action raised and resolved the same issues raised in this federal action against the State of Oregon.  The state trial court denied petitioner's motion on December 14, 2015 and the Oregon Supreme Court denied petitioner's writ of mandamus on March 24, 2016.  These are the same issues that petitioner has raised in the action before this Court.  Consequently, petitioner is precluded from relitigating these claims in this federal court.

### C. **<u>Failure to State a Claim for Relief</u>**

Finally, even assuming that this action were properly before the Court and not barred by claim or issue preclusion, respondent argues that as a matter of law it is without merit.  The Court agrees.

Oregon Revised Statutes section 137.463(7) provides:

> If for any reason a sentence of death is not executed on the date appointed in the death warrant, and the sentence of death remains in force and is not stayed under ORS

---

[6] In both actions, petitioner faults the State of Oregon with failing to comply with ORS 137.463.

7 - ORDER TO DISMISS

>     138.686 or otherwise by a court of competent
>     jurisdiction, the court that issued the initial death
>     warrant, **on motion of the state** and without further
>     hearing, shall issue a new death warrant specifying a new
>     date on which the sentence is to be executed. The court
>     shall specify a date for execution of the sentence,
>     taking into consideration the needs of the Department of
>     Corrections. The court shall specify a date not more
>     than 20 days **after** the date on which the state's motion
>     was filed.

(emphasis added). At core, petitioner maintains that he had (and has) a constitutionally protected liberty interest in the State of Oregon complying with what he characterizes as the mandatory directive set out in ORS 137.463(7) that required the State to issue a new death warrant after petitioner was not executed on December 6, 2011. He argues that due to the State failing to act on this statutory directive, the execution warrant expired and the State forfeited its right to ever seek a new execution warrant through its inaction.

As a preliminary matter, the Court notes that in his responsive brief petitioner references "judicial" action and "state" action interchangeably. *See* Response [24], pp. 1 & 10 ("no judicial action was taken and no viable justification has ever been advanced for the inaction"; "The State failed to comply with the mandatory directives of ORS 137.463 to issue a new death warrant after [petitioner] was not executed on December 6, 2011. The state forfeited its right through inaction."). Critically, however, these actors are not interchangeable in ORS 137.463(7). Instead,

8 - ORDER TO DISMISS

the statute clearly states that the *court* that issued the initial death warrant (in petitioner's case the Marion County Circuit Court) need only act, *i.e.*, issue a new death warrant specifying a new execution date, "on motion of the *state*".[7] Significantly too, while there are time deadlines for the court to act once its obligation to do so is triggered by the State's motion, the statute imposes no timeline on the State to makes its motion in the first instance. Nor, as respondent correctly notes, does the statute set out a consequence for the State's failure to move for a new death warrant within a certain time period, let alone suggest that the State would forever forfeit its right to seek a new warrant.

Moreover, petitioner contends that "no viable justification has ever been advanced for the [judicial] inaction." Response [24], p. 1. This too is incorrect. In its response to petitioner's motion to strike sentence of death, the State specifically noted that:

> In December of 2011, after then-Governor Kitzhaber issued an unsolicited reprieve to the defendant's execution, the state recognized the obvious futility in filing a subsequent motion for a new death warrant and a new execution date. Therefore, it did not.
>
> * * *

---

[7] Petitioner appears to agree with this interpretation when he notes that "without the prosecution moving for a new execution warrant and completely without any statutory authority, [Judge Day] has ordered [petitioner's] execution on January 23, 2017. Response [24], p. 10.

9 - ORDER TO DISMISS

> Further, and as noted above, any subsequent motion filed by the state, given the governor's reprieve, would have been without merit or justification. It is not the practice of the Marion County District Attorney's Office to clog the court's docket with specious motions, in this or any other case.

Unopposed Motion for Judicial Notice, Exhibit B, p. 2 (footnote stating that Governor Brown continued the reprieve omitted). It is apparent to the Court that the State, in accordance with the statute, has declined to seek a new execution warrant in petitioner's case because it reasonably believed that given there was a reprieve in petitioner's case and/or a moratorium on executions in Oregon, any motion seeking a new death warrant would be futile.

In a similar vein, the Court is not persuaded by petitioner's suggestion that there is an urgent need for this Court to intervene because Judge Day orally set a new execution date for January 2017 and petitioner could be executed on that date or somehow this Court's jurisdiction over a future federal habeas petition filed pursuant to 28 U.S.C. § 2254 will be compromised. First, to the extent that Judge Day did *sua sponte* set a new execution date, it does not appear to the Court that he acted in accord with ORS 137.463 for the reasons discussed above. Second, as noted above, petitioner continues to pursue PCR relief in state court and has an appeal pending before the Oregon Court of Appeals. And finally, Governor Brown indicated in February 2015, and, again as recently

10 - ORDER TO DISMISS

as October 17, 2016, that she will continue the moratorium on executions in Oregon during the pendency of her term as governor. For these reasons, the Court does not find credible any argument or suggestion that the State of Oregon will seek to execute petitioner in January 2017 or that he will not have a fair opportunity to file a federal habeas petition in this Court upon the completion of his pending PCR proceedings in state court.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS respondents' Unopposed Motion for Judicial Notice [21] and Motion to Dismiss [22]. The Petition [1] is DENIED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  20th  day of October, 2016.

_____
Michael J. McShane
United States Magistrate Judge

11 - ORDER TO DISMISS